**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TREVOR HARDIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:25-cv-06588** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MINUTE MEN OF ILLINOIS, INC.** | ) | |
| | ) | **Jury Trial Demanded** |
| **-AND-** | ) | |
| | ) | |
| **ATMI PRECAST, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Trevor Hardin ("Plaintiff"), by and through the undersigned counsel, hereby

files this Complaint against Minute Men of Illinois, Inc., and ATMI Precast, Inc. ("Defendants"),

and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants' sex-based discrimination, sex-

based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3.      Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendants operate and transact business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction have been satisfied.

5.      Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibits "A" and "B").

6.      Plaintiff received a Notice of Right to Sue from the EEOC with respect to each charge of discrimination (attached hereto as Exhibits "C" and "D").

7.      This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      Plaintiff, Trevor Hardin, is a natural person, over 18-years-of-age, who at all times relevant to the allegations of this Complaint resided in Kendall County, Illinois.

9.      Defendant, Minute Men of Illinois, Inc., whose address is 1901 N Farnsworth Avenue, Aurora, IL 60505-1121, is a corporation that at all times material to the allegations in this Complaint was doing business in and for Kane County, Illinois.

10.      Defendant, ATMI Precast, Inc., whose address is 960 Ridgeway Avenue, Aurora, IL 60506-5467, is a corporation that at all times material to the allegations in this Complaint was doing business in and for Kane County, Illinois.

11.      Plaintiff was jointly employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

12.      During the applicable limitations period, Defendants had at least fifteen employees, have been an "employer" as defined by Title VII, and have been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

13.      At all relevant times, Defendants, Minute Men of Illinois, Inc. and ATMI Precast, Inc. have continuously been under contract for services rendered in Illinois and have continuously been a joint employer in which all Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## BACKGROUND FACTS

14.     On or about April 8, 2025, Plaintiff was hired by Defendant, Minute Men of Illinois, Inc., and was placed to work at Defendant, ATMI Precast, Inc. until Plaintiff's unlawful termination on or about April 30, 2025.

15.     Plaintiff met or exceeded Defendants' performance expectations throughout the entire duration of his employment.

16.     Plaintiff is male and is a member of a protected class because of his sex (male).

17.     Since at least April 9, 2025, Defendants subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment on the basis of sex, violating Title VII and Section 1981.

18.     On or about April 8, 2025, Plaintiff began his assignment at ATMI Precast, Inc. as part of his employment with Minute Men of Illinois, Inc.

19.     On April 9, 2025, during his second day at work, a manager at ATMI Precast (name unknown) inappropriately touched Plaintiff's buttocks and kept his hand there for approximately four seconds.

20.     Plaintiff immediately reported this incident to an individual in the Human Resources (HR) department at ATMI Precast, Inc. and provided a written statement detailing the harassment.

21.     Despite the Plaintiff's report, no meaningful action was taken by either employer to address the harassment.

22.     Instead, shortly after his report, Plaintiff was written up by a different manager at ATMI Precast for "unsatisfactory work," despite having no prior complaints or performance issues.

3

23. The following week, another male employee at ATMI Precast (name unknown) touched Plaintiff's buttocks three to four times and laughed each time.

24. Plaintiff again reported this incident to ATMI Precast, Inc.

25. On or about April 16, 2025, Plaintiff also informed Minute Men of Illinois, Inc. of both harassment incidents, providing them with a written statement.

26. At this point, Plaintiff was told not to return to work while an investigation into his complaints was conducted.

27. On April 30, 2025, a representative from Minute Men of Illinois, Inc. contacted Plaintiff and informed him that ATMI Precast, Inc. had terminated his employment due to the ongoing investigation.

28. Plaintiff immediately expressed his belief that his termination was retaliatory, stemming from his complaints of sexual harassment.

29. The representative from Minute Men of Illinois, Inc. assured Plaintiff that they would investigate further and contact him with more information.

30. However, no effort was made to place Plaintiff at another job during this time.

31. Plaintiff was unlawfully terminated because of his sex, (male) on April 30, 2025.

32. Plaintiff was retaliated against and his employment was ultimately terminated for opposing unlawful discrimination and for exercising his protected rights.

33. Plaintiff reported the sex-based discrimination and harassment to Defendants.

34. Plaintiff was targeted for termination because of his sex and reporting of illegal activity.

35. Plaintiff suffered multiple adverse employment actions including, but not limited to, being terminated.

36.     There is a basis for employer liability for the sex-based discrimination and harassment to which Plaintiff was subjected.

37.     Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff reported sex-based discrimination and harassment.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Sex-Based Discrimination)**

38.     Plaintiff repeats and re-alleges paragraphs 1–37 as if fully stated herein.

39.     By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40.     Plaintiff met or exceeded performance expectations.

41.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42.     Defendants terminated Plaintiff's employment on the basis of Plaintiff's sex.

43.     Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex, male.

44.     Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

45.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sexual Harassment)

46.     Plaintiff repeats and re-alleges paragraphs 1–37 as if fully stated herein.

47.     By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48.     Defendants knew or should have known of the harassment.

49.     The sexual harassment was severe or pervasive.

50.     The sexual harassment was offensive subjectively and objectively.

51.     The sexual harassment was unwelcomed.

52.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e*, et seq*., due to Plaintiff's sex, male.

53.     Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

54.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

55.     Plaintiff repeats and re-alleges paragraphs 1–37 as if fully stated herein.

56.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

57.     During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendants about conduct that constituted sex-based discrimination and harassment.

58.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

59.     In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex-based discrimination and harassment.

60.     Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

62.     By virtue of the foregoing, Defendants retaliated against Plaintiff in response to Plaintiff reporting the sex-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63.     Defendants' retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendants, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendants as follows:

  a.      Back pay with interest;

  b.      Payment of interest on all back pay recoverable;

  c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 13th day of June, 2025.

*/s/ Nathan C. Volheim, Esq.*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575-8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*